IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin J. Cobb, #291100, )<br>)<br>              Plaintiff, )<br>)<br>vs. )<br>)<br>Jonathan Ozmint, SCDC Director; )<br>McKither Bodison, Warden; )<br>Yvette Blowe, Mail Room Director; )<br>Lieutentant Darryl King, Supervisor; )<br>Sgt. Joyce Perry, Prison Official; )<br>Opria Walker, Mail Room Staff; )<br>Cpl. R. Thompson, Prison Official; )<br>Anthony J. Padula, Warden of Lee CI; )<br>Mrs. J. Livingston, Law Library Director of Lee CI; )<br>Mrs. Smith, Business Office Director of Lee CI; )<br>Sgt. Dixin, Prison Official; )<br>Sgt. King, Prison Official; )<br>Margarite Bell, Associate Warden of Lee CI; )<br>Robert Ward, Level III Security Director; )<br>Mrs. S. Bracey-Simons, Mail Room Staff Director; )<br>SCDC Food Service Director, Lee CI Mr. Biddenger;)<br>SCDC Correspondence Review Committee; )<br>Lee CI Mail Room Staff Mrs. Whitney; )<br>Mr. James Dean, Major of Lee C.I.; )<br>Mrs. Melton, Business Office Staff of Lee C.I.; )<br>Mrs. Cain-Davis, Coropal, Business Office Staff of )<br>Lee C.I. Special Management Unit; )<br>Lt. C. June, Prison Official of Lee C.I.; )<br>Lt. Goodman, Prison Official of Lee C.I.; )<br>Mrs. Miller, Inmate Grievance Coordinator (A-K), )<br>Lee C.I.; )<br>Mrs. Sharon Patterson, Disciplinary Hearing Officer )<br>of Lee C.I.; )<br>Inmate Classification Committee, Special )<br>Management Unit; )<br>Mrs. Hilton, SMU Case Manager; )<br>and Mr. B. Oberman, SMU Administrator, )<br>)<br>              Defendants. )<br>_____)| C/A No. 0:08-3978-HFF-PJG<br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Calvin J. Cobb ("Cobb"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the plaintiff's motion for a preliminary injunction (Docket Entry 46), motion for "order to cause for a temporary restraining order" and second motion for preliminary injunction (Docket Entry 81), and motion for a "speedy ruling" on Docket Entry 81 (Docket Entry 124).

**DISCUSSION**

Since the filing of this action, Cobb has been granted leave to amend his Complaint to add claims as well as additional defendants to this matter. Initially, Cobb filed his Complaint against Director Ozmint and several employees of Lieber Correctional Institution ("Lieber Defendants").[1] Cobb was housed at Lieber Correctional Institution at the time he initiated this action. Prior to filing his first motion for a preliminary injunction, Cobb was transferred to Lee Correctional Institution. On April 16, 2009, Cobb moved to amend his Complaint to add defendants who were employed at Lee Correctional Institution ("Lee Defendants")[2] and contemporaneously filed his first motion for a preliminary injunction. On June 3, 2009, the court granted Cobb's motion to amend his Complaint to add the Lee Defendants provided Cobb timely submitted certain required forms and documents. As information was received from Cobb, service was authorized on the additional defendants on July 15, 2009, August 25, 2009, and September 9, 2009. (Docket Entries 70, 85, 99, & 120.) Cobb filed

---

[1] The Lieber Defendants consist of Defendants Bodison, Blowe, King, Perry, and Walker.

[2] The Lee Defendants consist of Defendants Thompson; Padula; Livingston; Smith; Dixin; King; Bell; Ward; Bracey-Simons; Biddenger; SCDC Correspondence Review Committee; Whitney; Dean; Melton; Cain-Davis; June; Goodman; Miller; Patterson; Inmate Classification Committee, Special Management Unit; Hilton; and Oberman.

his second motion for a preliminary injunction on June 29, 2009, after the court granted Cobb leave to amend his Complaint to add the Lee Defendants, but before service was effectuated.

In Cobb's Complaint, as amended, he argues that the defendants' actions and policies have denied him access to the courts. He further contends that by threatening to place him in the general population at Lee Correctional Institution, the defendants have violated his constitutional rights. Cobb also appears to raise issues pertaining to his disciplinary convictions.

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). They are extraordinary remedies afforded prior to trial at the discretion of the district court. A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). A petitioner must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the petitioner's favor. See Real Truth, 575 F.3d at 346-47.[3] Finally, the court must

---

[3]Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 129 S. Ct. at 375-76.

pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77).

In Cobb's motions for a preliminary injunction, he seeks to enjoin the defendants in numerous ways.[4] Specifically, he first seeks to be transferred from Lee Correctional to another Level III correctional institution, but does not want to be returned to Lieber Correctional. In support of this request, Cobb avers that there are inmates in general population at Lee who have, in the past, threatened him with violence, and that officials at Lee Correctional have threatened to move him from the Special Management Unit to the general population as an act of reprisal for his current litigation. Therefore, Cobb seeks to enjoin the prison administrators at Lee Correctional from returning him to the general population. Cobb also seeks an injunction alleging that he is being denied legal supplies and access to the courts. Finally, Cobb appears to seek a restraining order against the named defendants, arguing that they are retaliating against him for filing this action.

Here, Cobb has not demonstrated a clear likelihood of success on the merits or that he is likely to be irreparably harmed absent injunctive relief. He makes conclusory allegations that he has being denied access to the courts, but Cobb has frequently filed pleadings in this matter, such as numerous motions, letters, exhibits. He argues that he should be transferred based on his allegation that he is in imminent danger of physical assault. However, Cobb has failed to provide support for this assertion and the Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. See Beard v. Banks, 548 U.S. 521, 528 (2006); Overton v. Bazzetta, 539 U.S. 126, 131-32 (2003). Even if he could establish these vital first two elements, Cobb has not shown that the balance of harm—if there were any—tips in

---

[4]Notably, as Cobb is no longer as at Lieber Correctional, to the extent he is seeking to enjoin the Lieber Defendants, his request is moot.

PJG

his favor. See Wetzel, 635 F.2d at 288 ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). Finally, and significantly, Cobb cannot justify the public harm that would occur if the court were to usurp prison administrators' decision making regarding items such as prison assignments based on the assertions before the court. Id. at 290 (recognizing the public interest in personal safety and security of the public from potentially dangerous inmates and finding that the district court failed to give proper consideration to the public interest); Real Truth, 575 F.3d at 347 (discussing the importance of the public interest requirement). For the foregoing reasons, Cobb has not demonstrated the requirements to obtain a preliminary injunction.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the plaintiff's motion for preliminary injunction (Docket Entry 46), motion for "order to cause for a temporary restraining order" and second motion for preliminary injunction (Docket Entry 81), and motion for a "speedy ruling" on Docket Entry 81 (Docket Entry 124) be denied.

*[signature]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 1, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).