IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin J. Cobb, #291100,  )<br>  )<br>                Plaintiff,  )<br>  )<br>   vs.  )<br>  )<br>Jonathan Ozmint, SCDC Director;  )<br>McKither Bodison, Warden;  )<br>Yvette Blowe, Mail Room Director;  )<br>Lieutentant Darryl King, Supervisor;  )<br>Sgt. Joyce Perry, Prison Official;  )<br>Opria Walker, Mail Room Staff;  )<br>Cpl. R. Thompson, Prison Official;  )<br>Anthony J. Padula, Warden of Lee CI;  )<br>Mrs. J. Livingston, Law Library Director of Lee CI;  )<br>Mrs. Smith, Business Office Director of Lee CI;  )<br>Sgt. Dixin, Prison Official;  )<br>Sgt. King, Prison Official;  )<br>Margarite Bell, Associate Warden of Lee CI;  )<br>Robert Ward, Level III Security Director;  )<br>Mrs. S. Bracey-Simons, Mail Room Staff Director;  )<br>SCDC Food Service Director, Lee CI Mr. Biddenger;)<br>SCDC Correspondence Review Committee;  )<br>Lee CI Mail Room Staff Mrs. Whitney;  )<br>Mr. James Dean, Major of Lee C.I.;  )<br>Mrs. Melton, Business Office Staff of Lee C.I.;  )<br>Mrs. Cain-Davis, Coropal, Business Office Staff of  )<br>Lee C.I. Special Management Unit;  )<br>Lt. C. June, Prison Official of Lee C.I.;  )<br>Lt. Goodman, Prison Official of Lee C.I.;  )<br>Mrs. Miller, Inmate Grievance Coordinator (A-K),  )<br>Lee C.I.;  )<br>Mrs. Sharon Patterson, Disciplinary Hearing Officer  )<br>of Lee C.I.;  )<br>Inmate Classification Committee, Special  )<br>Management Unit;  )<br>Mrs. Hilton, SMU Case Manager;  )<br>and Mr. B. Oberman, SMU Administrator,  )<br>  )<br>                Defendants.  )<br>_____  ) | C/A No. 0:08-3978-HFF-PJG<br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Calvin J. Cobb ("Cobb"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. The defendants include: (1) Defendants Bodison, Blowe, King, Perry, and Walker (collectively referred to as the "Lieber Defendants"); (2) Defendants Thompson; Padula; Livingston; Smith; Dixin; King; Bell; Ward; Bracey-Simons; Biddenger; SCDC Correspondence Review Committee; Whitney; Dean; Melton; Cain-Davis; June; Goodman; Miller; Patterson; Inmate Classification Committee, Special Management Unit; Hilton; and Oberman (collectively referred to as the "Lee Defendants"); and (3) Director Ozmint.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the following motions filed by Cobb: two motions for a preliminary injunction (Docket Entries 133 & 170) and a motion for default judgment (Docket Entry 157). Also before the court are the defendants' motions for summary judgment. (Docket Entries 160 & 164.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cobb of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (Docket Entries 161 & 165.) Cobb responded in opposition to the defendants' motions and appears to have filed a cross motion for summary judgment. (Docket Entry 169.) Having carefully reviewed the parties' submissions, the court finds that Cobb's motions seeking preliminary injunctions and a default judgment (Docket Entries 133, 157, & 170) should be denied, and the defendants' motions for summary judgment (Docket Entries 161 & 165) should be granted. Further, to the extent that Cobb seeks summary judgment, his motion should be denied (Docket Entry 169).

---

[1] It appears that Defendants Smith, Dixin, SCDC Correspondence Review Committee, and Inmate Classification Committee were never properly served. Accordingly, these defendants should be dismissed pursuant to Federal Rule of Civil Procedure Rule 4(m).

## BACKGROUND

Cobb's Amended Complaint raises a myriad of claims against Director Ozmint, several current and former employees of Lieber Correctional Institution, and numerous current and former employees of Lee Correctional Institution. In Cobb's Complaint, as amended, he argues that the defendants' actions and policies have denied him access to the courts. With regard to the Lee Defendants, he further appears to raise issues relating to his conditions of confinement, his requests for protective custody, and his disciplinary convictions. Finally, Cobb appears to allege that the defendants have subjected him to retaliation. (See generally Docket Entry 86.)

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Eleventh Amendment Immunity**

To the extent the defendants are sued in their official capacities for monetary damages, they correctly assert that they are immune from suit in this court. As arms of the state, they are entitled to sovereign immunity and are not "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendants are sued in their official capacity, they are immune from suit, as they are treated as "arms of the State" in this capacity. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979)

(recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

**C.     Respondeat Superior**

To the extent that Cobb seeks relief from the defendants under a theory of respondeat superior his claims must fail. The doctrine of respondeat superior cannot support liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Mere knowledge is not sufficient to establish personal participation. Id.

**D.     Denial of Access to the Courts**

Cobb's Complaint, as amended, consists almost entirely of conclusory allegations with very little factual support. Liberally construed, his Complaint appears to assert that he is being denied access to the courts because the defendants have (1) reduced the amount of envelopes and paper provided to indigent inmates; (2) inappropriately handled his legal mail by permitting unauthorized persons to distribute it and at times preventing him from sending or receiving legal mail; (3) instituted a policy requiring him to show that he has a pending legal action and/or that he intends to initiate a legal action before he can request additional legal writing materials; and (4) denied him adequate access to the law library.

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). In Bounds, the Supreme Court held that "the fundamental

constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. To state a cognizable claim for denial of meaningful access to the courts a prisoner must allege a specific actual injury resulting from the alleged denial. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). A plaintiff must "demonstrate the alleged shortcomings in the law library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. The Court further explained that

> the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In Wolf v. McDonnell, 418 U.S. 539 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"—*i.e.*, actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

Lewis, 518 U.S. at 354 (internal citations omitted); see also Christopher v. Harbury, 536 U.S. 403, 414-15 (2002) (stating that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong").

Specificity is required in pleading a denial of access to the courts claim. Cochran, 73 F.3d at 1317. Moreover,

> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

Christopher, 536 U.S. at 415.

*PJG*

In this case, Cobb's Complaint, as amended, fails to allege any specific facts indicating that he has been denied access to the *courts* or that he has been adversely affected in pursuing his legal claims due to the alleged reduction in legal supplies, the alleged mishandling of his legal mail, or the prison policy. Cobb generally contends that reducing the amount of envelopes and paper given to inmates of indigent status and requiring inmates to demonstrate that they have a pending legal action and/or that they intend to initiate a legal action before they can request additional legal writing materials is somehow denying him access to the courts. However, Cobb acknowledges that the reduction is due to the state-wide budget cuts. Cobb makes general allegations and statements that the defendants (1) have read and censored his legal mail, (2) have denied him access to the law library and to legal supplies, (3) have denied him assistance from the prison law clerks, and (4) that unauthorized prison personnel are handling his legal mail. The only specific statement that the court has gleaned from Cobb's Amended Complaint is an allegation that Defendants Walker and Blowe intentionally destroyed a summons and complaint that Cobb intended to mail to the Dorchester County Sheriff's Office to initiate a civil action for alleged violations of his constitutional rights. However, Cobb fails to provide any details concerning this claim, and it is unclear how he was allegedly injured, what his underlying claims were, and what relief he was seeking. In his response in opposition to summary judgment, Cobb re-asserts in a conclusory fashion repeatedly that he has been denied access to the courts, he alleges that his claims were impeded and that by being denied access to the law library he has missed an opportunity to provide material evidence and file proper motions and discovery. A review of the electronic case filing system reveals that, contrary to Cobb's assertions, he has regularly filed motions, amended pleadings, letters, responses, and replies in this matter. Between January 2009 and March 2010, it appears that Cobb has filed over thirty such documents, some of which are quite voluminous.

Based on the foregoing, the court finds that Cobb has not alleged or demonstrated any actual injury as required to state a claim for denial of access to the courts. See Lewis, 518 U.S. at 351 (stating that an inmate must demonstrate that the deficiencies in the prison's library or legal assistance program "hindered his efforts to pursue a legal claim"); Cochran, 73 F.3d at 1317 (holding that the district court properly dismissed a claim for denial of access to the courts where the plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (observing that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). As observed above, there is no indication that Cobb has been denied access to this court in pursuing a direct appeal from any conviction, a habeas petition, or a civil rights action. See Lewis, 518 U.S. at 354 (Bounds requires inmates to be provided with those tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."); Giarratano v. Johnson, 521 F.3d 298, 305-06 (4th Cir. 2008) (stating that "the right of access affords only 'the capability of bringing contemplated challenges to sentences or conditions of confinement' ") (quoting Lewis, 518 U.S. at 356). Further, Cobb has no independent constitutional right to library access, legal supplies, or legal assistance. See Lewis, 518 U.S. at 351 (observing that Bounds established a right of access to the courts, not a right to a law library or legal assistance). Therefore, Cobb has failed to state a claim on which relief may be granted.

**E.     Retaliation**

Cobb also argues that the defendants have retaliated against him by undertaking a "campaign of harassment" against him. It appears that Cobb argues that the defendants are retaliating against him for filing grievances against them and complaining about their actions by denying him access

to the courts, denying him access to the grievance procedure, and charging him falsely for disciplinary infractions.

To state a claim for retaliation under § 1983, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id. at 74. An inmate must allege facts showing that his exercise of a constitutionally protected right was a substantial factor motivating the retaliatory action. See, e.g., Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996); Hughes v. Bledsoe, 48 F.3d 1376, 1387 n.11 (4th Cir. 1995). Further, claims of retaliation by inmates are generally regarded with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran, 73 F.3d at 1317; Adams, 40 F.3d at 74.

In this case, Cobb's allegations fail to state a claim of retaliation. The court first observes that Cobb's arguments consist almost entirely of conclusory assertions. Moreover, to the extent that Cobb alleges that he was subjected to retaliatory actions for filing grievances and complaining to staff, inmates have no constitutionally protected right to a grievance or complaint system. See Adams, 40 F.3d at 75. To the extent that Cobb's arguments contend that the retaliatory conduct was the result of filing actions with the court, Cobb has failed to assert facts to show that the alleged retaliatory actions taken by the defendants violated a constitutional right. As stated above, Cobb cannot demonstrate that he has been denied access to the court. Further, there is no indication that his disciplinary convictions have been overturned. Accordingly, Cobb has failed to allege that the defendants' retaliatory acts were taken "in response to the exercise of a constitutionally protected

*PJG*

right or that the act itself violated such a right." Adams, 40 F.3d at 75. Cobb's retaliation claim against the defendants is therefore not cognizable under 42 U.S.C. § 1983.

**F.     Conditions of Confinement**

"The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832. As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler, 989 F.2d at 1380-81.

Cobb's claims concerning the conditions of confinement at Lee Correctional Institution include complaints about the service of cold food, the lack of outdoor recreation, the lack of showers, and the inability to physically visit the library while the prison is on lockdown. He further complains that his unit does not have a water fountain. These allegations are insufficient to state a

constitutional violation. Prisoners simply cannot expect the "amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988); see also Lunsford v. Bennett, 17 F.3d 1574 (7th Cir. 1994) (holding that allegations of cold, poorly prepared beans were insufficient to state a constitutional claim); Lasure v. Doby, C/A No. 0:06-cv-1527, 2007 WL 1377694, *5 (D.S.C. May 8, 2007) (unpublished) (noting that plaintiff was "being held in a [] jail facility, not a hotel").

Further, Cobb does not allege any physical injuries whatsoever as a result of these complaints. See Strickler, 989 F.2d at 1380-81. Moreover, by federal statute, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Accordingly, these conditions, while potentially uncomfortable for Cobb, simply do not rise to the level of a constitutional violation.

**G.    Disciplinary Convictions**

To the extent that Cobb is seeking to have his disciplinary convictions overturned or seeking damages from these convictions, such a claim must fail. Because there is no evidence that Cobb has had his disciplinary convictions reversed, expunged, or invalidated by a writ of habeas corpus, any claim for damages resulting from his disciplinary convictions would be barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). Moreover, relief in the form of having his disciplinary convictions overturned is not available in a § 1983 case, but rather must be sought by way of a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

**H.     Qualified Immunity**

The defendants also assert that they are entitled to qualified immunity. The court agrees. Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009). In this case, because Cobb has failed to establish that he was deprived of a constitutional right, the defendants are entitled to qualified immunity.

**I.     Relief on Behalf of Others**

To the extent that Cobb seeks to assert the rights of other prisoners as well as his own, such representation is not permitted. Cobb may represent himself in this matter; however, he may not bring this action on behalf of other prisoners. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se* litigant cannot represent the rights of others in a class action); see also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for oneself does not create a similar right to litigate on behalf of others); Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (noting that a prisoner cannot act as a "knight-errant for all prisoners"); Local Civil Rule 83.I.04 DSC ("Litigants in civil and criminal actions, except for parties appearing *pro se* must be represented by at least one member of the Bar

of this Court who shall sign each pleading, motion, discovery procedure, or other document served or filed in this Court."). Therefore, to the extent that Cobb is seeking to enforce the rights of others, the defendants are entitled to summary judgment.

**J.      Remaining Claims**

With regard to Cobb's remaining allegations including but not limited to general allegations concerning deliberate indifference, a failure to protect, and denial of publications, the court finds that Cobb has failed to plead sufficient facts to state a plausible constitutional claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).

### RECOMMENDATION

For the foregoing reasons, the court recommends that Cobb's motions seeking preliminary injunctions and a default judgment (Docket Entries 133, 157, & 170) should be denied as moot or patently without merit; the defendants' motions for summary judgment (Docket Entries 160 & 164) should be granted; and, to the extent that Cobb seeks summary judgment, his motion should be denied (Docket Entry 169).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 30, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).